UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MCM CAPITAL PARTNERS, LLC,<br><br>    Plaintiff(s),<br><br>    v.<br><br>SATICOY BAY LLC SERIES 6684 CORONADO CREST, et al.,<br><br>    Defendant(s). | Case No. 2:15-CV-1154 JCM (GWF)<br><br>ORDER |

Presently before the court is plaintiff MCM Capital Partners, LLC's ("MCM") motion for summary judgment. (ECF No. 50). Defendants Red Rock Financial Services, LLC; Saticoy Bay LLC Series 6684 Coronado Crest; and cross defendant Coronado Ranch Landscape Maintenance Corporation ("Coronado") each filed a response.[1] (ECF Nos. 54, 55, and 58). MCM filed a reply. (ECF No. 60).

Also before the court is defendant Coronado Ranch Landscape Maintenance Corporation's motion to dismiss plaintiff MCM's complaint. (ECF No. 32). Plaintiff filed a response (ECF No. 34), and defendant filed a reply. (ECF No. 36)

Plaintiff MCM initiated this lawsuit to, *inter alia*, quiet title to real property. (ECF No. 1). MCM's interest in the property was extinguished at a homeowners' association foreclosure sale conducted by defendant Coronado. (*Id.*) Amongst other things, MCM's complaint and motion argue that Nevada Revised Statute 116.3116, *et seq.*, under which the foreclosure was effectuated, is unconstitutional. (*See, e.g.*, ECF No. 1 at 5; ECF No. 50 at 12–13).

---

[1] Coronado Ranch Landscape Maintenance Corporation also filed a joinder to Red Rock Financial Services, LLC's response. (*See* ECF No. 56).

**James C. Mahan**
**U.S. District Judge**

A party who files a pleading, written motion, or other paper drawing into question the constitutionality of a state statute must promptly "file a notice of constitutional question stating the question and identifying the paper that raises it, if . . . the parties do not include the state, one of its agencies, or one of its officers or employees in an official capacity . . . ." FED. R. CIV. P. 5.1(a)(1)(B). Additionally, FRCP 5.1 requires the court to "certify to the appropriate attorney general that a statute has been questioned" under 28 U.S.C. § 2403. FED. R. CIV. P. 5.1(b). Section 2403 states that the court "shall permit the [s]tate to intervene for presentation of evidence, if evidence is otherwise admissible in the case, and for argument on the question of constitutionality." 28 U.S.C. § 2403(b).

Here, no notice has been provided to the attorney general of Nevada, and the court has not certified the question to the attorney general. In light of the foregoing rule and statute, the court will deny the parties' motions without prejudice to allow: (1) MCM to file a notice of constitutional question, (2) the court to comply, and (3) the attorney general to intervene. Similarly, other dispositive motions will be denied without prejudice to allow MCM and the court to comply with the rule. The parties may renew their motions after the attorney general has been afforded time to respond.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff MCM Capital Partners, LLC's ("MCM") motion for summary judgment (ECF No. 50) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant Coronado Ranch Landscape Maintenance Corporation's motion to dismiss plaintiff MCM Capital Partners, LLC's complaint (ECF No. 32) be, and the same hereby is, DENIED without prejudice.

IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 6684 Coronado Crest's motion for summary judgment (ECF No. 49) be, and the same hereby is, DENIED without prejudice.

**James C. Mahan**
**U.S. District Judge**

IT IS FURTHER ORDERED that plaintiff MCM Capital Partners, LLC's motion to strike defendant Saticoy Bay LLC Series 6684 Coronado Crest's motion for summary judgment (ECF No. 53) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that defendant Saticoy Bay LLC Series 6684 Coronado Crest's stipulation to extend the time to respond to the motion to strike (ECF No. 61) be, and the same hereby is, DENIED as moot.

IT IS FURTHER ORDERED that plaintiff MCM Capital Partners, LLC shall promptly file a notice of constitutional question, pursuant to Federal Rule of Civil Procedure 5.1(a)(1)(B).

IT IS FURTHER ORDERED that this court certifies to the Nevada attorney general that it may rule on the constitutionality of the state statute at issue in this case, NRS 116.3116. The attorney general shall have thirty (30) days within which to intervene on behalf of the state of Nevada for presentation of argument on the question of the constitutionality of the statute.

IT IS FURTHER ORDERED that the clerk of court shall send a copy of this order by certified mail to the Nevada attorney general.

DATED August 4, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**